182 So. 45

### LOVEMAN, JOSEPH & LOEB v. JENKINS.

#### 6 Div. 271.

Supreme Court of Alabama.

June 16, 1938.

---

[1] 235 Ala. 47.

Bowers & Dixon, of Birmingham, for appellant.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellee.

KNIGHT, Justice.

The plaintiff sued the appellant to recover damages for personal injuries.

The trial resulted in verdict and judgment for plaintiff for Fifteen Hundred Dollars. The only error assigned upon the record is that the trial court committed error in overruling the defendant's motion for a new trial, based upon excessiveness of the damages awarded.

It appears from the evidence that the plaintiff was standing at the southwest corner of the intersection of Third Avenue, North, with Eighteenth Street of the City of Birmingham, Alabama, when a "heavy iron or steel jack fell off defendant's house truck, loaded with merchandise, and on to the plaintiff's right foot," thereby painfully and severely injuring the foot. At the time of the injury plaintiff was seventy-eight years of age. The accident occurred on December 27th, 1935, and the case was not tried until October 18th, 1937.

The evidence tends to show that the plaintiff's foot has been permanently injured, and that notwithstanding plaintiff has been under constant treatment by a competent physician, the injured foot has not been cured. The testimony leaves but little, if any room to doubt, that for about two years the plaintiff has suffered constant pain from the injury. On account of the enlargement of the foot, plaintiff cannot wear the same size shoe on the right foot that he wears on the left one; nor can plaintiff walk very much without the use of a stick. During the entire time, since the accident, except for about three months during hot weather, the plaintiff has been forced to keep his foot bandaged.

The testimony shows that the plaintiff has incurred a bill of $75 for medical treatment.

After a careful consideration of all the evidence bearing upon the extent of plaintiff's injury, we cannot affirm that the damages awarded plaintiff were excessive.

It follows, therefore, that the judgment of the circuit court will be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.